IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH JOHNSON COLE,            :

     Plaintiff,                :

vs.                            :   CIVIL ACTION 04-00674-CG-B

WARDEN MIKE HALEY, *et al.*,    :

     Defendants.               :

## REPORT AND RECOMMENDATION

Plaintiff, an inmate housed at the Mobile County Metro Jail (hereinafter "jail"), is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**I.  Nature of Proceedings.**

    **A.  Complaint (Doc. 1).**

Plaintiff alleges that since his incarceration at the jail on June 19, 2004, he requested to use the law library but was told the jail does not have a law library.  Plaintiff avers that he then filed grievances, but received no.  According to

Plaintiff, he sent both Defendant Mike Haley and Defendant Sheriff Jack Tillman a written inquiry regarding the denial of access to the law library as such hampered his ability to challenge his convictions and sentences and file papers in state and federal courts; however, neither Defendant responded to Plaintiff's requests.  While Defendant David Turner told Plaintiff that he would get back with him regarding the issue, he did not do so.  Plaintiff contends that the denial of access to a law library constitutes a denial of access to the courts.  For relief, Plaintiff requests that his sentence be invalidated and expunged, that a writ of habeas corpus be granted, that he be released, and that he be awarded damages in the amount of $50,000.00 in punitive damages for mental anger and stress.

**II.  Discussion.**

   **A.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

   Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(I), a claim may be

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

2

dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, Id. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, Id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see* Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

3

**B.  Analysis.**

The right implicated by Plaintiff's allegations is his right
of access to the courts.  In <u>Bounds v. Smith</u>, 430 U.S. 817, 97
S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court held that
"the fundamental constitutional right of access to the courts
requires prison authorities to assist inmates in the preparation
and filing of meaningful papers by providing prisoners with
adequate law libraries or adequate assistance from persons
trained in the law." <u>Id.</u> at 828, 97 S.Ct. at 1498.  In the
subsequent decision of <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct.
2174, 135 L.Ed.2d 606 (1996), the Court went on to explain that
"prison law libraries and legal assistance programs are not ends
in themselves, but only the means for ensuring 'a reasonably
adequate opportunity to present claimed violations of fundamental
constitutional rights to the courts.'" <u>Id.</u> at 351, 116 S.Ct. at
2180 (quoting <u>Bounds</u>, 430 U.S. at 825, 97 S.Ct. at 1496).  The
<u>Lewis</u> Court observed that the <u>Bounds</u> Court recognized that the
availability of a prison law library was only one of the ways to
ensure meaningful access to the courts.[2] <u>Id.</u>

The <u>Lewis</u> Court held that an inmate must show that he has

---

[2]Court-provided forms in which an inmate only has to provide
the facts and no legal analysis were noted as being an acceptable
component for providing access to the courts by the <u>Lewis</u> Court.
518 U.S. at 352, 116 S.Ct. at 2180.

suffered an injury or will imminently suffer an injury in order to have standing to bring a claim for denial of access to courts. Id. at 349, 116 S.Ct. at 2179.  "Because Bounds did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351, 116 S.Ct. at 2180.  The injury that is required to be shown is that the inmate has been frustrated or impeded in his prosecution of his conviction's direct appeal, of his habeas petition, or of his civil rights action implicating a basic constitutional right[3] and that his underlying action was nonfrivolous.  Id. at 353-54, 116 S.Ct. at 2181-82.  The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, Plaintiff claims that the jail did

---

[3]The Eleventh Circuit in Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

not have a law library so he could challenge his convictions and
sentences and have access to "papers for filing in state or
federal court." This is the extent of Plaintiff's allegations
describing the impact of the lack of a law library on his legal
proceedings. These allegations, however, do not convey that his
efforts were totally frustrated or impeded. Plaintiff may
nonetheless have been able to proceed with the matters that he
wanted to pursue at that time without access to a law library, or
at a later date. On the other hand, Plaintiff may have been
represented by counsel on one of these matters, thereby negating
the need for access to the law library on the represented matter.
Wilson v. Blakenship, 163 F..3d 1284, 1291 (11th Cir. 1998);
Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981).[4]

More important than the lack of information about
Plaintiff's efforts and injury is the total absence of
information about the underlying action for which he allegedly
needed access to a law library. Plaintiff is required to show
that the underlying action in which he allegedly sustained an
injury was non-frivolous; however, he only mentions that he
wanted to challenge his convictions and sentences. Further, his
responses to the queries contained on the form Complaint do not

_____

[4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d
1206, 1209 (11th Cir. 1981) (en banc), adopted as binding
precedent the decisions of the former Fifth Circuit rendered
prior to October 1, 1981.

indicate that his convictions or sentences have been invalidated.

Plaintiff has also failed to demonstrate the injury required by Lewis.  Thus, the alleged deficiencies at the jail did not injure Plaintiff in the manner required by Lewis to establish a claim for denial of access to courts.  In light of Plaintiff being incapable of showing that his underlying actions were non-frivolous, the Court finds that Plaintiff's claims for denial of access to the courts lodged against Defendants Tillman, Haley, and Turner are frivolous as a matter of law.  Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were nonfrivolous), *cert. denied,* 535 U.S. 1037, 122 S.Ct. 1797, 152 L.Ed.2d 655 (2002).

In addition, Plaintiff complains that he did not receive a response to his grievances by Defendants Turner and Tillman. However, there is no constitutional right to receive a response to a grievance. Brown v. Dodson, 863 F. Supp. 284, 285 (W.D. Va. 1994); Greer v. DeRobertis, 568 F. Supp. 1370, 1375 (N.D. Ill. 1983); *see* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding there is no entitlement to a grievance procedure), *cert. denied*, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988).  Therefore, this claim against Defendants Turner and Tillman is frivolous as a matter of law.

Furthermore, the non-monetary relief requested by Plaintiff,

i.e, his sentence be invalidated and expunged, the writ of habeas corpus be granted, and he be released, is not available to him in this § 1983 action. These "declaratory or injunctive relief claims are in the nature of habeas corpus claims - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release - and as such, they are simply not cognizable under § 1983." Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). "'[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.'" Id. (quoting Prieser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

The attached sheet contains important information regarding abjections to the Report and Recommendation.

DONE this **8th** day of **September 2006.**

        /s/ SONJA F. BIVINS
        **UNITED STATES MAGISTRATE JUDGE**

8

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Opposing party's response to the objection.**</u>  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.

Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

        **DONE** this the **8th** day of **September 2006.**

                                    **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**